UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHARGIN, | CV F 02 5751 REC LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS ACTION (Doc. 76.) |
| JOHNNY DANG, et. al., | |
| Defendants. | |

**A. PROCEDURAL HISTORY**

Stephen Chargin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 20, 2002. The initial action names Dr. Nandan Bhatt, Dr. Johnny Dang, Correctional Officers Hernandez, Braswell, and Holt as Defendants.

On July 16, 2002, Plaintiff filed a First Amended Complaint against only Defendants Hernandez and Dang. The Court issued an Order dismissing the complaint with leave to amend on July 23, 2002, finding that the complaint stated a cognizable claim for relief against Defendant Hernandez only. Plaintiff filed a Second Amended Complaint on August 12, 2002.

1

1    On October 18, 2002, the Court issued an order finding the claims against both
2 Defendants Dang and Hernandez cognizable.
3    On February 12, 2003, Plaintiff informed the Court that he was unable to effect service on
4 Defendant Hernandez.
5    On February 3, 2003, Defendant Dang moved to dismiss the claims against him.  The
6 Court issued Findings and Recommendations that the Motion be denied on April 23, 2003.  The
7 Court also informed defense counsel that if it wished to, it could file a waiver of service on
8 behalf of Defendant Hernandez within twenty days.  The District Court adopted the Findings and
9 Recommendations in full on June 19, 2003.  Defendant Dang filed an Answer to the complaint
10 on July 3, 2003.
11    On June 5, 2003, the Court ordered Plaintiff to submit further information regarding
12 Defendant Hernandez to allow the U.S. Marshal to effect service.  Plaintiff replied on June 24,
13 2003, and on July 30, 2003, with the information provided by Plaintiff, the Court ordered the
14 U.S. Marshal to re-serve Defendant Hernandez.
15    On December 15, 2003, Defendant Dang filed a Motion for Summary Judgment.
16    On February 11, 2004, the U.S. Marshal returned the USM forms indicating that it was
17 unable to effect service on Defendant Hernandez.
18    The Court issued Findings and Recommendations on Defendant Dang's Motion for
19 Summary Judgment on July 8, 2004.  The Court also issued an Order to Show Cause why
20 Defendant Hernandez should not be dismissed from the action.
21    On September 22, 2004, the District Court adopted the Findings and Recommendations
22 and Defendant Dang was dismissed from the action.
23    Plaintiff filed his Response to the Order to Show Cause on December 20, 2004.  The
24 Court issued Recommendations that the action be dismissed based on Plaintiff's failure to
25 provide sufficient information to the U.S. Marshal to effect service on Defendant Hernandez.  In
26 the objections, Plaintiff provided further information and thus, the Court directed service yet
27 again on Defendant Hernandez on June 24, 2005.  On December 5, 2005, the summons served
28 was returned executed.  On February 8, 2006, Defendant "Rene" Hernandez moved to dismiss

the action on the grounds that Plaintiff failed to exhaust his administrative remedies or, in the alternative, for a more definite statement. Plaintiff did not file an Opposition to the Motion to Dismiss the action.

**B. MOTION FOR MORE DEFINITE STATEMENT**

In the alternative, Defendant moves for a more definite statement on the grounds that the Amended Complaint does not allege sufficient facts for an Eighth Amendment medical claim and Plaintiff does not identify "Rene Hernandez" as the "Hernandez" Correctional Officer in his Amended Complaint. (Motion at 5.)

The Court rejects Defendant's contention that the Amended Complaint does not allege sufficient facts to state a cognizable Eighth Amendment medical claim for relief. As stated in the Court's Order finding Complaint States Cognizable Claim, the Amended Complaint sufficiently states an Eighth Amendment claim against Defendant Hernandez for *cruel and unusual punishment,* not for medical needs. The Amended Complaint lists Correctional Officer Hernandez as a defendant and states that Plaintiff informed Defendant Hernandez of the chrono requiring that he remain on the lower tier due to his physical limitations. Despite this, Defendant Hernandez informed Plaintiff that if he intended to shower, he would have to do so on the upper tier. Defendant Hernandez then assured Plaintiff that he would assist him going up and down the stairs. (Amended Complaint [Court Doc. 10] at unnumbered pg. 5.) As in the Court's prior Order, these facts sufficiently state a cognizable claim of "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (*citing* Farmer v. Brennan, 511 U.S. 825, 835 (1994).

The Court further rejects Defendant's contention that the Amended Complaint fails to state a claim for relief because Plaintiff did not specifically identify "Rene Hernandez" by name in the Amended Complaint. The Ninth Circuit has held that dismissal of a complaint where the Plaintiff is not aware of the identity of a Defendant when the action is filed is error. Gillespie v. Civiletti, 629 F.2d 637 (9th Cir.1980). As in the case of Doe defendants, "'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . .'" Wakefield v. Thompson, 177 F.3d 1160,

3

1  1163 (9th Cir. 1999) (*quoting* Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).

2  Here, Plaintiff provided sufficient facts in the Amended Complaint to identify the only
3  Correctional Officer with the surname of Hernandez on duty at the location and on the date of his
4  injury. Accordingly, Defendant's contention that Plaintiff fails to state a claim for relief under
5  the Eighth Amendment fails.

6  **C. EXHAUSTION**

7  Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
8  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
9  a prisoner confined in any jail, prison, or other correctional facility until such administrative
10 remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a)
11 exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534
12 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of
13 the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
14 administrative process can provide some sort of relief on the complaint stated. Booth v. Churner,
15 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need
16 not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at
17 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney
18 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is
19 pending. McKinney, 311 F.3d at 1199-1201.

20 The California Department of Corrections has an administrative grievance system for
21 prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the
22 department's jurisdiction may appeal any departmental decision, action, condition, or policy
23 which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at
24 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level,
25 second formal level, and third formal level, also known as the "Director's Level." Cal. Code
26 Regs. tit 15, § 3084.5 (2004).

27 Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
28 defense under which defendants have the burden of raising and proving the absence of

1 exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must show that further administrative remedies are available to Plaintiff. Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005). The Ninth Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been rejected as untimely and he could "go no further in the prison's administrative system; no remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id. The Ninth Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire action when a Section 1983 complaint contains both exhausted and unexhausted claims. Lira v. Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

In this case, Defendant argues that Plaintiff has failed to exhaust his administrative remedies prior to initiating this lawsuit with respect to his allegations against Defendant Hernandez. Further, Defendant states that Plaintiff's inmate appeal does not refer to "Rene Hernandez" or any other individual by the name of Hernandez as the Correctional Officer who, on January 15, 2002, allegedly refused to help Plaintiff climb steps to the shower wherein he fell and injured his neck and back.

In support of this contention, Defendant presents evidence in the form of Declarations of N. Grannis, Chief, Inmate Appeals Branch ("IAB") of the California Department of Corrections and Rehabilitation ("CDCR"), Harlan Watkins, Litigation Coordinator at Pelican Bay State Prison, where Plaintiff is currently confined, and Defendant Rene Hernandez.

N. Grannis provides that the Inmate Appeals Branch has records of only three appeals filed by Plaintiff since 1997. One of the appeals was initiated after this action was filed and

concerned events occurring while Plaintiff was confined at Pelican Bay State Prison. (Grannis Decl. at ¶ 5.) The remaining two appeals originated at Corcoran State Prison and concern a property and disciplinary issue. Id. Thus, according to Grannis, no appeal filed by Plaintiff at the Director's level concerned the allegations at issue in this action.

N. Grannis also states that the "Appellant Screenout Query" lists two appeals that were not accepted for review by IAB. Id. at ¶ 6. The first of the appeals was Log No. COR 00-3415 that concerned a disciplinary issue unrelated to the allegations in this action. Id. The second appeal, Log No. COR 02-1156 concerns a medical issue that appears to concern the allegations in this action. However, the code reflected on the Query indicates that the appeal was returned to the inmate due to his not completing the appeal through the second level of review. Id. As of the date the Declaration was submitted to the Court, Plaintiff had not resubmitted the appeal to the Director's level. Id. The relevant queries are attached to N. Grannis' Declaration.

Harlan Watkins, Litigation Coordinator at Pelican Bay State Prison, submitted a declaration stating that he reviewed Plaintiff's central file to examine copies of Plaintiff's inmate/parolee appeals filed by him. (Watkins Declaration at ¶ 4.) According to Mr. Watkins, Plaintiff filed one inmate appeal during the time period on or after the alleged incident of January 15, 2002, which was assigned Log No. Cor 02-1156. Id. Mr. Watkins provides the Court with a copy of this appeal which states that Plaintiff was diagnosed with having Arthritis, given motrin and when the pain persisted, he was again seen by Dr. Dang who gave him a steroid injection. (Exh. A, Watkins Decl.) Plaintiff then states he was given an MRI in October 2001, which revealed that the pain was not arthritis but an inner ligament tear. Plaintiff was then wait-listed for surgery.

In December 2001, Plaintiff saw Dr. Dang who issued him a lower tier chrono so he would not have to walk up and down stairs. In an attachment to the appeal, Plaintiff states that he was still being taken to the shower by way of the stairs even after he "told the C/O's about the lower tier chrono." Id. Plaintiff then states that he showed the chrono to the "C/O's on 1st and 2nd watch" but that on January 15, 2002, when he was again being taken to the showers by way of the stairs, he fell and injured his back and neck and had still not had treatment of any kind for

these injuries. Id. Plaintiff then complains that he was misdiagnosed in October 2001, after complaining of a knot in his stomach, which was later diagnosed as a hernia. The appeal requested that "Medical Personnel (CMO) investigate why it took so long to operate on my knee and hernia and when I'll be given my knee surgery." Id.

The first informal level and formal level appeals were bypassed and Plaintiff's request was granted at the first level. Id. The "Review Action" portion of the appeal indicated that Plaintiff had had a knee and hernia surgery and that schedules for surgery were made in a priority basis. Id. According to the evidence provided by Defendant, Plaintiff did not appeal the issue concerning the Correctional Officer's failure to heed his lower tier chrono to the second or director's level and thus, he has failed to exhaust his administrative remedies. The Court finds that Defendant has met his burden as the party moving for dismissal on exhaustion grounds. The burden now shifts to Plaintiff to demonstrate that exhaustion occurred or that an exception exists. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

As stated above, Plaintiff did not file an Opposition to the Motion to Dismiss. In any event, upon examination of the record before it, the Court concludes that Plaintiff did not exhaust his administrative remedies and the action is subject to dismissal.

First, the Court finds it questionable that the only inmate appeal submitted relevant to this action grieved the issue presented in this case. The inmate appeal specifically requests that Plaintiff be scheduled for surgery. The fact that Correctional Officers had Plaintiff shower upstairs which resulted in his falling on the stairs was mentioned only when providing background information as to why it was necessary to schedule Plaintiff for surgery. It is further questionable whether the inmate appeal is sufficient to put the Defendant on notice of Plaintiff's Eighth Amendment claim against him.

Identification in the inmate appeal of each defendant by name is not necessary for exhaustion to occur. Butler v. Adams, 387 F.3d 1181, 1183 (9th Cir. 2005). However, the touchstone that has been applied by the court is whether the plaintiff has, using the administrative appeal process provided by the Department of Corrections, placed prison officials on notice as to the facts at issue in his claim against the defendants. Id. The U.S. Supreme Court has held that

1  Section 1997e(a) was "designed to reduce the quantity and improve the quality of prisoner suits,
2  affords the corrections officials an opportunity to address complaints internally before allowing
3  the initiation of a federal case.  In some instances corrective action taken in response to an
4  inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating
5  the need for litigation."  Porter v. Nussle, 534 U.S. 516, 517, 122 S.Ct. 983 (*citing* Booth v.
6  Churner, 532 U.S. 731, 737, 121 S.Ct. 1819 (2001)).

7         Here, while Plaintiff did not specifically name Defendant Hernandez in his inmate appeal,
8  he repeatedly refers to the actions of more than one correctional officer.  Other than the date
9  Plaintiff fell, he provides no specific information as to any of the individuals responsible for his
10 injury.  Further, Plaintiff's request for specific action is indicative of the basis for his grievance,
11 that he be scheduled for surgery.  Plaintiff did not request any administrative action against the
12 individuals liable for his injury but only that an investigation be conducted into why he hadn't yet
13 been scheduled for surgery.  The Court finds the inmate appeal insufficient to put the Defendant
14 or the prison administration on notice of Plaintiff's Eighth Amendment claim.

15         Even assuming the inmate appeal *is* sufficient to provide notice, the Court finds that
16 Plaintiff failed to exhaust his administrative remedies for yet another reason.  As noted above,
17 although the inmate appeal was granted at the first level, it was granted with respect to Plaintiff's
18 request that he be scheduled for surgery.  Clearly, Plaintiff was still dissatisfied with the
19 administration's response to his allegation concerning the actions of the Correctional Officers
20 given the initiation of the instant action.  However, Plaintiff did not grieve beyond the first level
21 that a Correctional Officer(s) put his safety at risk by requiring him to walk up stairs despite his
22 physical condition.  Thus, under the PLRA, Plaintiff has failed to exhaust his administrative
23 remedies. 42 U.S.C. § 1997e(a).

24 **D.  RECOMMENDATION**

25         Accordingly, the Court RECOMMENDS that Defendant's Motion to Dismiss be
26 GRANTED and the action DISMISSED on the grounds that Plaintiff has failed to exhaust his
27 administrative remedies.

28         The Court HEREBY ORDERS that these Findings and Recommendations be submitted

to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 8, 2006**   /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE